UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAR 14 PM 12:04

CLERK

BY /s/
DEPUTY CLERK

PATRICIA A. KNOWLDEN,
    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,
    Defendant.

Civil Action No.:

2:22-cv-66

# COMPLAINT

NOW COMES Plaintiff, by and through her attorneys, Jarvis & Modun, LLP, and alleges the following:

## I. Jurisdiction and Venue

1. Plaintiffs' claims are filed pursuant to 29 U.S.C. § 1001, et seq. (ERISA). Venue and jurisdiction are proper under 29 U.S.C. § 1132.

2. This is an action pursuant to 29 U.S.C. 502(a)(1)(B) to clarify a plan beneficiary's rights to past and future benefits under the terms of the plan. Plaintiff seeks a declaration of her rights under the policy at issue, which policy is an "employee welfare benefit plan" as defined by ERISA. Plaintiff seeks reinstatement of her benefits and payment of all back benefits due to her. Plaintiff seeks to enforce her rights under the plan and to clarify her rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a). Plaintiff also seeks an award of attorney's fees, costs, and interest.

## II. Parties

3. Plaintiff is an adult resident of the town of Hinesburg in the county of Chittenden and state of Vermont.

4. Plaintiff was an employee of St. Michael's College in Colchester, Vermont from about January 3, 2000 until on or about February 13, 2018.

5. Defendant Unum Life Insurance Company of America ("Unum") is a foreign corporation that is licensed to underwrites long-term disability ("LTD") insurance policies for employers in Vermont.

6. Defendant underwrote the LTD Policy Number 563389 001, ("the Policy") that was purchased by St. Michael's College for the benefit of its employees and was part of the College's employee welfare benefit plan.

### III. The LTD Contract

7. Under the Policy, Defendant pays any LTD benefits that may be due.

8. The Policy delegates the discretionary authority to make benefit determinations to Defendant and to Defendant's affiliate, Unum Group.

9. The Policy has an elimination period of 180 days.

10. During an elimination period and the next 36 months, "disability" is defined under the Policy as, "you are limited from performing the material and substantial duties of your regular occupation due to sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury."

11. After the elimination period and the next 36 months, "disability" is defined as "due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

12. The Policy pays 60% of an eligible employee's monthly pre-disability earnings, with a minimum benefit of $100 and a maximum benefit of $10,000 per month.

13. The Policy applies an annual a cost-of-living adjustment ("COLA").

14. For an employee who becomes disabled prior to age 60, the maximum period of payment for disability is until the employee reaches age 65.

15. The Policy makes certain deductions for other benefits that an employee receives, including Social Security Disability Insurance.

**IV. Work and Medical History**

16. Plaintiff was born on April 64, 1962.

17. Plaintiff was hired by St. Michael's College on about January 3, 2000 and worked in the College's human resources department until her separation from employment on or about February 13, 2018.

18. By the end of her employment, she was the association director of human resources.

19. As of February 13, 2018, Plaintiff was eligible to receive LTD benefits under the Policy.

20. Her salary by the end of her employment was $67,000 per year paid in bi-weekly amounts of $2,576.92.

21. Prior to February 13, 2018, Plaintiff developed medical conditions that impeded her ability to work. These included a back condition, a gastrointestinal condition, and injuries to her left lower extremity.

22. Plaintiff stopped working on or about February 13, 2018, because she was no longer able to complete the material and substantial duties of her job due to her medical conditions.

23. On about April 20, 2018, Plaintiff applied for LTD benefits with Defendant or its affiliate or agent.

24. On August 10, 2018, Defendant, or its affiliate or agent, denied Plaintiff's claim.

25. Plaintiff delivered a timely appeal of the initial denial to Defendant, or to its affiliate or agent.

26. On May 20, 2019, Defendant, or its affiliate or agent, issued its final decision in which it determined that Plaintiff was not entitled to benefits under the terms of the Policy.

27. On June 4, 2020, the Social Security Administration found Plaintiff disabled begining February 13, 2018.

28. Plaintiff's Social Security Disability Insurance benefits as of August 2018 was $1,422.00 per month.

29. Under the Policy's terms, Plaintiff has until April 26, 2022, to initial a civil action for review of Defendant's actions.

### V. Count One – the Arbitrary and Capricious Denial of Benefits

30. By reference, Plaintiff incorporates allegations 1 through 29, above.

31. Plaintiff has been, and continues to be, disabled under the terms of the LTD Policy.

32. Defendant's, or its affiliate's or agent's, decision to deny Plaintiff LTD benefits under the Policy was arbitrary and capricious, or was otherwise contrary to law.

WHEREFORE, Plaintiff prays that this Court:

1. Review Defendant's denial of LTD benefits and declare that it was arbitrary and capricious,

2. award Plaintiff LTD benefits under the Policy,

3. order Defendant to make a determination as to Plaintiff's eligibility to LTD benefits during the any occupation period of disability under the Policy,

4. award Plaintiff attorney's fees, costs, and interest, and

5. grant other such relief as the Court deems just and appropriate.

March 11, 2022
South Burlington, Vermont

                              Respectfully submitted,
                              Jarvis & Modun, LLP
                              Attorneys for Patricia A. Knowlden

By: _____
                              Craig A. Jarvis
                              License No. 3715
                              P.O. Box 4590
                              Burlington, VT 05406
                              (802) 540-1030